FILED

NOV 1 0 2005

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CARLA JEAN MAKES HIM FIRST, | * | CIV 05-3034 |
| | * | CR 04-30047 |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. She pleaded guilty to distribution of marijuana and was sentenced on November 1, 2004, to 24 months custody followed by three years supervised release. Petitioner contends that (1) her plea was not voluntary in that she did not know that another person had committed the same offense and was not charged in federal court with a felony, (2) her conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest, (3) the prosecution failed to disclose evidence favorable to her, that is, that another person had committed the same offense and was not charged, and (4) that she violated her third party release conditions but her third party custodian violated the conditions against guns and alcohol in the home and she never reported him. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner's motion is procedurally defaulted. Petitioner waived, as part of her plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which she has asserted or could assert to this prosecution, and to the Court's entry of judgment against her and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice."

United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). Petitioner does not address the appeal waiver contained in her plea agreement, so there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that her appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified at her change of plea hearing that she fully understood she was waiving very important rights and that she fully understood what she was waiving. Petitioner does not contend that her waiver was made unknowingly or involuntarily. She was warned by this Court in no uncertain terms what important rights she was waiving. Accordingly, that waiver may be specifically enforced.

Petitioner retained the right to appeal certain sentencing issues. She has not challenged any sentencing issues herein. In any event, petitioner did not file a direct appeal.

Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant fails to exercise her right to appeal, she has waived her right to collaterally challenge the conviction and sentence in a § 2255 civil proceeding.

It plainly appears from the face of the motion that the movant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that the motion to vacate filed herein is denied.

Dated this 10th day of November, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

2